IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHELLE ANN URIE, | ) Case No. 05-61125 |
| | ) |
| Debtors. | ) |

ORDER OVERRULING IN PART, AND SUSTAINING IN PART, TRUSTEE'S
OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

The Chapter 7 Trustee filed an Objection to the Debtor's claimed exemptions in two vehicles and a diamond engagement ring. For the reasons set forth below, I will overrule the Trustee's Objection in part, and sustain it in part. Debtor will be required to either turn over to the Trustee one of the vehicles or pay the value of the nonexempt equity in the vehicles to the Trustee.

The Bankruptcy Code permits a state to opt out of the federal bankruptcy scheme.[1] The State of Missouri has exercised this option.[2]

A. The Vehicles

Under § 513.430(5) of the Missouri statutes, the Debtor is permitted to claim an exemption in "[a]ny motor vehicle in the aggregate, not to exceed three thousand dollars in value."[3] The Debtor listed on her Schedules two vehicles, neither of which has a lien against it. Specifically, the Debtor listed a 1998 Dodge Avenger with a value of $3,100, for which she claimed a $2,297 exemption under § 513.430.1(5) and a $304.10 wildcard exemption

---

[1] 11 U.S.C. § 522(b)(1).

[2] Mo. Rev. Stat. § 513.427 (2002).

[3] Mo. Rev. Stat. § 513.430.1(5) (Supp. 2005).

under § 513.430.1(3). She also listed a 1996 Chevrolet S-10 pickup with a value of $3,125, for which she claimed a $703 exemption under § 513.430.1(5). In other words, the Debtor split her $3,000 vehicle exemption between the two vehicles by applying $2,297 to the Avenger and $707 to the pickup truck. The Trustee objected to the exemptions under § 513.430.1(5), asserting that a debtor may only claim an exemption in one vehicle under that section.

However, as I stated in the recent decision of *In re Bell*,[4] I find that § 513.430.1(5) allows debtors to allocate their vehicle exemption among more than one vehicle, so long as the total amount exempted does not exceed $3,000 per debtor. Accordingly, the Debtor in this case is permitted to split her $3,000 vehicle exemption between the Dodge Avenger and the Chevrolet pickup in any manner she chooses.

Nevertheless, as the Trustee pointed out at the hearing, the combined exemptions, including the wildcard exemption claimed in the Avenger, still leave nonexempt equity in the two cars in the amount of $2,920.90. Therefore, the Debtor must either pay that sum to the Trustee or turn over one of the vehicles to him so that he can sell it for the benefit of the estate.

B. <u>The Engagement Ring</u>

The Debtor also listed in her schedules a "Man's and Woman's Wedding Set" and costume jewelry valued at $250. She claimed a $250 exemption in those items under

---

[4] 333 B.R. 839, 841 (Bankr. W.D. Mo. 2005); *see also In re Scott*, 332 B.R. 377 (Bankr. E.D. Mo. 2005).

§513.430.1(2). The Trustee states that he discovered that the Debtor became engaged to be married on or around November 23, 2004, and that her fiancé had given her a 1.45 carat diamond engagement ring at that time. At the time he filed the Objection, the Trustee believed the ring was valued in excess of $5,000. The Trustee therefore objected to the exemption on the ground that the ring was worth significantly more than the $250 listed on the schedules, that she filed the schedules in bad faith, and that she should not be entitled to claim the exemption under § 513.430.1(2).

That section provides that a debtor may claim an exemption in "[a] wedding ring not to exceed one thousand five hundred dollars in value and other jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed five hundred dollars in value in the aggregate."[5] In other words, a debtor may claim a $1,500 exemption in a wedding ring, plus an additional $500 exemption in other jewelry.

At the hearing, the Trustee stated that, after he filed his Objection, the Debtor produced an invoice from her fiancé showing that the price of the ring was $1,999. Although the ring was, therefore, not worth as much as the Trustee originally believed, the Trustee maintained his objection to the exemption on the ground that its value was still understated in bad faith and, further, even if the Debtor did not file the schedules in bad faith, she could not claim an exemption in the ring because an engagement ring is not the same as a wedding ring and the statute specifically refers to a "wedding ring." Thus, he asserts, her exemption

---

[5] Mo. Rev. Stat. § 513.430.1(2).

must be limited to the more general jewelry exemption of $500.

At the hearing on the Trustee's Objection, counsel for the Debtor explained that the undervaluing of the ring on the schedules was the result of an error by his office, noting that the value of an engagement ring declines significantly once a woman has worn it and, therefore, the Debtor did not act in bad faith in valuing the jewelry at $250. I find, based on counsel's representations, that the schedules were not filed in bad faith.

Counsel for the Debtor also asserted that the Trustee is splitting hairs in his position that an "engagement ring" or "wedding set" is not the same as a "wedding ring" under the statute. I agree with the Debtor. An engagement ring is given to a woman in connection with a wedding. I find that the legislature must have intended for the exemption for a "wedding ring" to also encompass an engagement ring. The Debtor produced the documentation showing that her fiancé purchased the ring for $1,999. The Debtor is permitted to claim a $1,500 exemption in the ring, plus the additional general jewelry exemption of $500. The Trustee's Objection to the exemption is, therefore, overruled. The Debtor is directed to amend her schedules to reflect correct valuations and exemptions relating to the jewelry.

For the foregoing reasons, the Trustee's Objection is OVERRULED on the issue of whether the Debtor may split her vehicle exemption between the Dodge Avenger and the Chevrolet pickup, but SUSTAINED in that the Debtor is ORDERED, within 30 days from the date of this Order, to either turn one of the vehicles over to the Trustee or pay $2,920.20 to the Trustee as the value of the nonexempt equity in the two vehicles. The Trustee's

Objection to the exemption in the engagement ring is OVERRULED.  The Debtor is ORDERED to file amended schedules correctly valuing and claiming an exemption in the engagement ring and other jewelry.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: January 31, 2006